# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ZOE HERRINGTON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 2:21-cv-2307 |
| ) | Division: |
| REDROCK CANYON GRILL – ) | |
| KANSAS CITY, L.L.C. ) | |
|    Serve Registered Agent: ) | |
|    The Corporation Company, Inc. ) | JURY TRIAL |
|    112 SW 7th Street, Suite 3C ) | REQUESTED AT |
|    Topeka, Kansas 66603 ) | KANSAS CITY, KANSAS |
| ) | |
| **Defendant.** ) | |

## PETITION FOR DAMAGES

COMES NOW, Plaintiff, Zoe Herrington (herein referred to as "Plaintiff Herrington"), by and through her undersigned counsel, and states as follows for her Petition for Damages against Defendant RedRock Canyon Grill – Kansas City, L.L.C. (herein after collectively referred to as the "Defendant Redrock Canyon Grill):

## PARTIES

1. Plaintiff Herrington is an individual, over the age of eighteen, residing in St. Simons, Glynn County, Georgia. For purposes of diversity jurisdiction, Plaintiff is domiciled in Georgia and therefore has Georgia citizenship.

2. Defendant Redrock Canyon Grill is a limited liability company organized in Kansas, doing business in Kansas, and may be served through its registered agent at the address listed above. At all relevant times, Defendant did own, operate, and/or manage a restaurant known as Redrock Canyon Grill. Defendant represents and hold themselves out to the

1

public, and in particular to Plaintiff Herrington, as a business offering food and beverage services to customers.  For purposes of diversity jurisdiction, upon information and belief, Defendant Redrock Canyon Grill's members are domiciled in Oklahoma and therefore Defendant Redrock Canyon Grill has Oklahoma citizenship.

3. At all relevant times, Defendant was acting through their actual or apparent agents, servants, and/or employees during the time of the negligent acts described herein and failed to maintain a safe premises, and caused or contributed to cause his injuries and damages.

4. At all relevant times, Defendant's servants, employees, and/or agents, actual or ostensible, who were working at the time Plaintiff Herrington was a patron of Defendant's business, were acting within the course and scope of their employment and/or agency with Defendant.

## JURISDICTION AND VENUE

5. This case involves personal injuries sustained by Plaintiff Herrington in a slip and fall incident, which occurred on or about July 28, 2019, in Johnson County, Kansas as a result of the negligence of Defendant.

6. Jurisdiction is proper in this court pursuant to 28 U.S.C. §1332(a)(1) in that the Plaintiff and Defendant are citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

7. Plaintiff designates Kansas City, Kansas, as the place for trial in this matter because it is most convenient for the Plaintiff and her family, it is most convenient for the Plaintiff's lay witnesses and expert witnesses, it is most convenient for Plaintiff's counsel, and it provides for a fair trial in this matter.

**FACTS COMMON TO ALL COUNTS**

8. On or about July 28, 2019, Plaintiff Herrington was a customer and business invitee at Redrock Canyon Grill ("Redrock") located in Johnson County at 13505 Metcalf Ave., Overland Park, Kansas 66223.

9. While on the premises, Plaintiff Herrington was leaving the restaurant, and had to ascend the restaurant's stairs, and although she was walking as a careful, prudent person would, she was caused to slip and fall on the wet floor of Redrock.

10. The stairs were in a dangerous condition in that they were not properly marked, did not provide warnings or signs, did not contain any material that would allow patrons' feet to grip the stairs, were made of dark tile that made it difficult to see the stairs, were in an area of the restaurant without adequate lighting to properly view the stairs, and were made of tile that would allow water to accumulate on the stairs.

11. The wet floor had no presence of any wet floor sign, or other indication of the dangerous condition.

12. Plaintiff Herrington, though walking in an ordinary, reasonable manner, was caused to fall on the restaurant floor, and fell hard to the ground, causing serious and permanent injuries due to the gross negligence, recklessness, and carelessness of the Defendant, their agents, servants, and/or employees.

13. As a direct and proximate result of the carelessness and negligence of the Defendant, Plaintiff Herrington sustained severe, permanent, progressive, painful and disabling injuries to her head, neck, left knee, left ankle, left foot, right finger, left wrist and left hip requiring surgery, significant pain management, testing, and therapy. Said injuries, pain

and damages are permanent, disabling and progressive. Plaintiff has suffered the above injuries, pain, and damages since the date of the incident, suffers them at the present time, and will suffer them in the future.

14. Plaintiff Herrington has incurred expenses in connection to these injuries and will continue to incur expenses in connection therewith in the future – the exact amount of which is unknown to them at this time.

15. As a further direct and proximate result, Plaintiff Herrington received extensive medical care and treatment and has suffered pain, anxiety of the body and mind and emotional distress. Plaintiff Herrington has in the past and will in the future incur large and substantial expense for doctors, physicians, hospitals, pharmaceuticals, medical procedures, and other medical care and treatment.

16. Plaintiff Herrington lost the capacity to provide assistance around her household.  Plaintiff Herrington sustained a loss of ability to enjoy life and hobbies, lost opportunities and loss of enjoyment of life.  Plaintiff Herrington has sustained pain and suffering as a result of the negligence, faults and omissions of the Defendant.

## COUNT 1 – NEGLIGENCE

17. Plaintiff Herrington hereby incorporates all foregoing paragraphs of this Petition for Damages, as though fully set forth herein.

18. Defendant Redrock owned, maintained, controlled, inspected, secured, and had full access to the subject floor of the Redrock.

19. Defendant Redrock owed a duty of reasonable care to Plaintiff Herrington to secure and maintain the subject floor properly, inspect the subject floor for dangerous conditions; warn of dangerous conditions; and/or repair any dangerous condition.

20. On July 28, 2019, the floor was secured and maintained improperly in that the floor was left unreasonably wet and that proper warning of the floor's condition was not posted.

21. The stairs were in a dangerous condition in that they were not properly marked, did not provide warnings or signs, did not contain any material that would allow patrons' feet to grip the stairs, were made of dark tile that made it difficult to see the stairs, were in an area of the restaurant without adequate lighting to properly view the stairs, and were made of tile that would allow water to accumulate on the stairs.

22. The floor constituted a dangerous condition and therefore was not reasonably safe for restaurant guests, including Plaintiff Herrington.

23. Defendant Redrock further knew, or should have known, that the floor was negligently cleaned, maintained, monitored, managed, and/or secured, that proper warning signs were not placed, and that this condition could cause serious personal injury to a person who may enter the restaurant.

24. Defendant Redrock, its agents, servants, and employees knew, or by using ordinary care should have known, of the defective, dangerous, and/or hazardous conditions set forth above, and they created such foreseeable conditions.

25. On July 28, 2019, Plaintiff Herrington did not know of the dangerous condition until she was injured.

26. Plaintiff Herrington was injured in a public are used by customers of the restaurant and maintained by Defendant Redrock.

27. Defendant Redrock, through its employees, agents, or assigns, had a duty to maintain, inspect, secure, control, and repair the restaurant floor to be in a safe and reasonable

condition; inspecting it for dangerous conditions; warning of dangerous conditions; or repairing dangerous conditions, but failed in all of these duties.

28. Defendant Redrock, by and through their servants, employees, and/or agents, actual or ostensible, breached their duty of care and committed acts of negligence and carelessness by failing to measure up to the requisite standards of due care. These acts include, but are not limited to:

    a. Failing to properly maintain the restaurant floor in a reasonably safe condition;
    b. Failing to properly secure the restaurant floor;
    c. Failing to properly inspect the restaurant floor to make sure it was properly maintained and secured;
    d. Failing to keep the floor from becoming too wet;
    e. Failing to warn restaurant guests, including Plaintiff Herrington, of the wet floor in the restaurant;
    f. Failing to properly mark the steps;
    g. Failing to warn restaurant guests, including Plaintiff Herrington, of the steps;
    h. Failing to properly maintain the steps in a reasonably safe condition;
    i. Failure to properly inspect the restaurant steps to make sure they were properly maintained and secured;
    j. Failing to have signage of the dangerous conditions; and/or
    k. By being negligent in other ways not now known, but which will be discovered during litigation;

29. As a direct and proximate cause of the Defendant's breach as stated above, and as a result of such negligence, the restaurant floor and stairs were not reasonably safe.

30. As a direct and proximate result of the Defendant's breach, Plaintiff Herrington slipped as she attempted to go up the steps and fell on the wet floor of the restaurant.

31. As a direct and proximate result of the carelessness and negligence of the Defendant, Plaintiff Herrington sustained severe, permanent, progressive, painful and disabling injuries to her head, neck, left knee, left ankle, left foot, right finger, left wrist and left hip requiring surgery, significant pain management, testing, and therapy. Said injuries, pain and damages are permanent, disabling and progressive. Plaintiff Herrington has suffered the above injuries, pain, and damages since the date of the incident, suffers them at the present time, and will suffer them in the future.

32. Plaintiff Herrington has incurred expenses in connection to these injuries and will continue to incur expenses in connection therewith in the future – the exact amount of which is unknown to them at this time.

33. As a further direct and proximate result, Plaintiff Herrington received extensive medical care and treatment and has suffered pain, anxiety of the body and mind and emotional distress. Plaintiff Herrington has in the past and will in the future incur large and substantial expense for doctors, physicians, hospitals, pharmaceuticals, medical procedures, and other medical care and treatment.

34. Plaintiff Herrington lost the capacity to provide assistance around her household. Plaintiff Herrington sustained a loss of ability to enjoy life and hobbies, lost opportunities and loss of enjoyment of life. Plaintiff Herrington has sustained pain and suffering as a result of the negligence, faults and omissions of Defendant.

**WHEREFORE**, Plaintiff Zoe Herrington respectfully requests judgment against Defendant in Count I of her Petition for Damages for such damages as are fair and reasonable, for prejudgment interest, for costs incurred herein and for such further relief as this Court deems just and proper.

## COUNT II –PREMISES LIABILITY AGAINST DEFENDANT REDROCK

35. Plaintiff Herrington incorporates all foregoing paragraphs of this Petition for Damages, as though fully set forth herein.

36. Plaintiff Herrington was a guest of Redrock Canyon Grill and visited the restaurant at the time of injury.

37. Defendant Redrock maintains areas open to the public and restaurant guests, including the subject restaurant floor.

38. At the time of the injury, Plaintiff Herrington was in a public area maintained by Defendant Redrock and used by guests and other business visitors.

39. Defendant Redrock, through its employees, agents or assigns, has a duty to maintain and inspect the restaurant floor.

40. Defendant Redrock, through its employees, agents or assigns has a duty to provide a reasonably safe means of ingress and egress moving about the public portions of its restaurant.

41. As a result of the fact that Defendant Redrock's own employees, agents, or assigns maintained, cleaned, and inspected the floor, Defendant Redrock knew or should have known that the restaurant floor and steps were not properly maintained.

42. The failure by Defendant Redrock to properly clean, secure, maintain, and/or inspect the restaurant floor created a dangerous condition.

43. Proper warning signs were not placed to warn business guests or visitors of its danger.

44. As a direct and proximate result of Defendant Redrock's creation of a dangerous condition, Plaintiff Herrington was injured when attempting to ascend the stairs and slipped and fell on the wet restaurant floor.

45. As a direct and proximate result of the carelessness and negligence of the Defendant Redrock, Plaintiff Herrington sustained severe, permanent, progressive, painful and disabling injuries to her head, neck, left knee, left ankle, left foot, right finger, left wrist and left hip requiring surgery, significant pain management, testing, and therapy. Said injuries, pain and damages are permanent, disabling and progressive. Plaintiff Herrington has suffered the above injuries, pain, and damages since the date of the incident, suffers them at the present time, and will suffer them in the future.

46. Plaintiff Herrington has incurred expenses in connection to these injuries and will continue to incur expenses in connection therewith in the future – the exact amount of which is unknown to them at this time.

47. As a further direct and proximate result, Plaintiff Herrington received extensive medical care and treatment and has suffered pain, anxiety of the body and mind and emotional distress. Plaintiff Herrington has in the past and will in the future incur large and substantial expense for doctors, physicians, hospitals, pharmaceuticals, medical procedures, and other medical care and treatment.

48. Plaintiff Herrington lost the capacity to provide assistance around her household.  Plaintiff Herrington sustained a loss of ability to enjoy life and hobbies, lost opportunities and loss of enjoyment of life.  Plaintiff Herrington has sustained pain and suffering as a result of the negligence, faults and omissions of Defendant.

**WHEREFORE**, Plaintiff Zoe Herrington respectfully requests judgment against Defendant in Count II of her Petition for Damages for such damages as are fair and reasonable, for prejudgment interest, for costs incurred herein and for such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts in this manner.

**SPRADLIN KENNEDY, LLC**

*/s/Tracy L. Spradlin*
Tracy L. Spradlin        KS#26199
4505 Madison Ave, Suite 110
Kansas City, MO 64111
Phone: (816) 768-6900
Fax: (816) 817-4299
Email: tracy@spradlinkennedy.com


**NORMAN AND GRAVES, LLC**

*/s/Adam Graves*
Phyllis A. Norman       KS#21818
Adam Graves             KS#21826
4505 Madison Ave, Suite 220
Kansas City, MO 64111
Phone: (816) 895-8989
Fax: (816) 895-8988
Email: adam@ngkclaw.com
Email: phyllis@ngkclaw.com


***ATTORNEYS FOR PLAINTIFF***